# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br>CDCR #C-56483,<br><br>                    Plaintiff,<br><br>vs.<br><br>ANTIQUE, et al.,<br><br>                    Defendants. | Civil No.   09-2678 WQH (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [Doc. No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES MANDATED BY 28 U.S.C. § 1914(a)** |

Plaintiff, Jimmie Stephen, a state inmate currently incarcerated at California State Prison, Solano located in Vacaville, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has submitted a Motion to Proceed *in forma pauperis* [Doc No. 2].

**I.    MOTION TO PROCEED IFP**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2).

However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or fail[ed] to state a claim." *Andrews*, 398 F.3d at 1116 n.1 (citation omitted). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").[1]

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket

---

[1] The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. *Rodriguez v. Cook*, 169 F.3d 1176, 1179-82 (9th Cir. 1999); *see also Andrews*, 398 F.3d at 1123 (noting constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise if § 1915(g) were applied to preclude those prisoners who had filed actions that were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP.").

records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

**II.    APPLICATION OF 28 U.S.C. § 1915(g)**

As required by section 1915(g), the Court has reviewed the allegations in Plaintiff's Complaint, and concludes that it makes no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). While his pleading is difficult to decipher, Plaintiff claims constitutional violations that occurred at a different prison than his current place of incarceration and the claims date back to 2005. However, allegations of past acts of official wrongdoing are insufficient to show the "imminent danger of serious physical injury" required to overcome § 1915(g)'s bar. *Cervantes*, 493 F.3d at 1053 ("[T]he availability of the exception turns on conditions a prisoner faced at the time the complaint was filed, *not at some earlier or later time.*") (emphasis added). Therefore, Plaintiff may be barred from proceeding IFP in this action

1  if he has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious
2  or for failing to state a claim. *See* 28 U.S.C. § 1915(g).

3        A court "'may take notice of proceedings in other courts, both within and without the
4  federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v.*
5  *Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d
6  801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens*
7  *Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Here, the Court takes judicial notice
8  that Jimmie Stephen, CDCR #C-56483, has had six prior prisoner civil actions dismissed on the
9  grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be
10 granted. *See Stephen v. Lacy*, C.D. Cal. Civil Case No. 93-5032 WMB (Aug. 23, 1993 Order
11 denying Motion to Proceed IFP and Dismissing Complaint pursuant to 28 U.S.C. § 1915(d)
12 [Doc. No. 3]), *aff'd*, 48 F.3d 1228 (9th Cir. 1995) (unpub.) (strike one); *Stephen v. Zulfacur, et*
13 *al*. S.D. Cal. Civil Case No. 93-1943 R (RBB) (April 19, 1994 Order and Judgment Dismissing
14 case for "failing to state an injury for which relief can be granted" [Doc. Nos. 15, 16]) (strike
15 two); *Stephen v. Hernandez, et al.*, S.D. Cal. Civil Case No. 06-0171 L (WMC) (Oct. 11, 2006
16 Order Dismissing Third Amended Complaint without leave to amend for failing to state a claim
17 pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) [Doc. No. 38]) (strike three); *Stephen v.*
18 *Shelar, et al.*, S.D. Cal. Civil Case No. 06-1054 LAB (WMc) (Aug. 31, 2006 Order Dismissing
19 Complaint sua sponte for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and
20 1915A(b) [Doc. No. 8]; and May 10, 2007 Order and Judgment Dismissing Action for Failing
21 to Amend [Doc. No. 16] (strike four)); *Stephen v. Marshal*, C.D. Cal. Civil Case No. 07-05337-
22 UA-SH (Oct. 4, 2007 Order denying IFP and dismissing complaint as "legally and/or factually
23 patently frivolous" [Doc. No. 4]) (strike five); and, *Stephen v. IRS*, S.D. Cal. Civil Case No. 07-
24 2112 LAB (BLM) (Dec. 4, 2007 Order Denying Motion to Proceed IFP as barred by 28 U.S.C.
25 § 1915(g) and Dismissing Action as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1) [Doc.
26 No. 3]) (strike six).

27       Accordingly, because Plaintiff has, while incarcerated, accumulated more than three
28 "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced

imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III.   CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed IFP [Doc. No. 2] pursuant to 28 U.S.C. § 1915(g) and **DISMISSES** this civil action without prejudice for failure to prepay the full $350 civil filing fee required by 28 U.S.C. § 1914(a).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  December 17, 2009

                                      */s/ William Q. Hayes*
                              **WILLIAM Q. HAYES**
                              United States District Judge