1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| JIMMIE STEPHEN, <br> CDCR #C-56483, <br><br> Plaintiff, <br><br> vs. <br><br> ANTIQUE, et al., <br><br> Defendants. | Civil No.   09-2678 WQH (NLS) <br><br> **ORDER CONSTRUING PLAINTIFF'S MOTION TO SUPPLEMENT AS A MOTION FOR RECONSIDERATION AND DENYING RECONSIDERATION OR RELIEF FROM JUDGMENT** <br><br> **[Doc. No. 6]** |

**I.**

**PROCEDURAL HISTORY**

On November 25, 2009, Plaintiff, an inmate currently incarcerated at California State Prison, Solano, in Vacaville, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.

Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

/ / /

/ / /

/ / /

The Prison Litigation Reform Act precludes a prisoner from proceeding *IFP* if:

> . . . the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*

Afer reviewing Plaintiff's rather lengthy litigation history in both the Southern and Central Districts of California, the Court found that Plaintiff had accumulated as many as six "strikes" pursuant to 28 U.S.C. § 1915(g). *See* Dec. 17, 2009 Order [Doc. No. 3] at 4. Moreover, the Court found that Plaintiff's Complaint contained no "plausible allegation" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 4-5 (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)). Thus, the Court denied Plaintiff's Motion to Proceed IFP as barred by 29 U.S.C. § 1915(g) and dismissed the action without prejudice for failure to prepay the full $350 civil filing fee mandated by 28 U.S.C. § 1914(a). *See* Dec. 17, 2009 Order [Doc. No. 3] at 5.

On December 29, 2009, Plaintiff filed a Notice of Appeal [Doc. No. 7].[1] While his appeal was pending, Plaintiff also filed a document in this Court entitled "Motion to Supplement FRCP 15" [Doc. No. 6], which makes reference to 28 U.S.C. § 1915(g).

In light of the Court's duty to construe pro se pleadings liberally, it now considers whether Plaintiff's Motion offers any additional information or argument supporting reconsideration of the Court's December 17, 2009 Order. *See Haines v. Kerner*, 404 U.S. 519-20 (1972) (allegations pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers."); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (where a plaintiff appears in propria persona in a civil

---

[1] The Ninth Circuit has since dismissed Plaintiff's appeal pursuant to a pre-filing review order. *See* Order of USCA as to Notice of Appeal [Doc. No. 8], entered on January 21, 2010.

rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt).

## II.

### PLAINTIFF'S MOTION FOR RECONSIDERATION

#### A.     Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[2] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

#### B.     Discussion

Here, Plaintiff's Motion, like his Complaint, is very difficult to decipher. On the first page, he appears to seek "access to court" based on a "willful transfer from prison to prison to thwart litigation and in forma pauperis" and cites the "imminent danger" exception in 28 U.S.C. § 1915(g). *See* Pl.'s Mot. at 1. However, the remainder of Plaintiff's Motion comprises random pages from a form civil rights complaint, listing additional defendants, re-hashing claims of

---

[2] Rule 59(e) motions must be filed "no later than 28 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(b) and (c), however, "the court may relive a party ... from a final judgment, order, or proceeding," so long as the motion is made within a "reasonable time" and if for reasons based on FED.R.CIV.P. 60(b)(1), (2), or (3), "no more than a year after the entry of the judgment." FED.R.CIV.P. 60(c)(1). Rule 60(b) relief may be granted for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; or (4) the judgment is void, (5) satisfied, released or discharged; or (6) for "any other reason that justifies relief." FED.R.CIV. P. 60(b)(1)-(5).

1  retaliation and segregation dating back to 1995 and challenging the "censorship" of a mail
2  package including a "CD disc" entitled "Tech Nine" on July 11, 2008. *Id.* at 2-8. None of these
3  allegations come close to showing Plaintiff was in "imminent danger of serious physical injury"
4  on November 25, 2009, the date he initiated this action. *See Cervantes*, 493 F.3d at 1052 (finding
5  availability of § 1915(g)'s imminent danger exception "turns on conditions a prisoner faced at
6  the time the complaint was filed, not at some earlier or later time.").

7  Accordingly, the Court finds Plaintiff's Motion provides no newly discovered evidence,
8  fails to show clear error or a manifestly unjust decision, and does not identify any intervening
9  changes in controlling law demanding a different result. *See School Dist. No. 1J*, 5 F.3d at 1263.

### III.

### CONCLUSION AND ORDER

Based on the foregoing, the Court construes Plaintiff's Motion to Supplement [Doc. No. 6] as a Motion for Reconsideration and **DENIES** Reconsideration of its December 17, 2009 Order and Judgment [Doc. Nos. 3-4].

The Court further **CERTIFIES** that any IFP appeal from *this* Order and Judgment would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous). The Clerk is directed to accept no further submissions in this matter and to close the file.

**IT IS SO ORDERED.**

DATED: February 2, 2010

                                                 **WILLIAM Q. HAYES**
                                                 United States District Judge